IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00337-CV

 

Randall C. Boyd,

                                                                      Appellant

 v.

 

Koons, Fuller, Vanden Eykel & Robertson, P.C.,

                                                                      Appellee

 

 

 



From the 116th District Court

Dallas County, Texas

Trial Court # 02-09480-F

 



DISSENTING Opinion



 








          It
only takes some evidence in support of the non-movant’s elements to defeat a
motion for summary judgment.  The cause
for the delay in the rendition of the divorce decree is the central issue in
this appeal.  Boyd’s evidence is that if
he had been properly advised by Koons, Fuller the divorce decree would have
been rendered and entered more quickly, thus avoiding the community property
character from attaching to an $8,000,000 bonus he received.  Boyd’s expert explained that the delay was
because Koons, Fuller was negligent in the advice it gave Boyd, thus leaving
the mediated settlement agreement open to attack.

          It
appears there is a fact issue regarding whether the mediated settlement
agreement was open to a viable attack by Boyd’s wife, whether that viable attack
was left open by Koons, Fuller’s negligent advice, and whether that viable
attack, when capitalized upon by Boyd’s wife to set aside the mediated
settlement agreement, resulted in the delay in obtaining a judgment.  

          This
kind of factual dispute is exactly what juries are for—and why this case should
not be resolved by a summary proceeding. 
The trial court erred when it granted the motion for summary
judgment.  Boyd has been denied the
opportunity to prove his case before a jury. 
I dissent.

 

                                                                   TOM
GRAY

                                                                   Chief
Justice

Dissenting opinion delivered and filed January 5,
2005